JUSTICE HASSELL,
concurring in part and dissenting in part.
Code § 17-110.1(C)(2) requires this Court to consider and determine “[wjhether the sentence of death is excessive or disproportionate to the penalty imposed in similar cases, considering both the crime and the defendant.”
We have stated that “the test of proportionality is whether ‘juries in this jurisdiction generally approve the supreme penalty for comparable or similar crimes.’ ” Davidson v. Commonwealth, 244 Va. 129, 136, 419 S.E.2d 656, 660, cert. denied, 506 U.S. 959 (1992) (citing Smith v. Commonwealth, 239 Va. 243, 271, 389 S.E.2d 871, 886, cert. denied, 498 U.S. 881 (1990) (quoting Stamper v. Commonwealth, 220 Va. 260, 284, 257 S.E.2d 808, 824 (1979), cert. denied, 445 U.S. 972 (1980))). Juries in Virginia generally have not approved of the imposition of the death penalty for 16-year-old capital murder offenders.
Since 1987, ten 16-year-old offenders have been convicted of capital murder, and only one defendant, Chauncey J. Jackson, has been sentenced to death. I agree with the majority that Jackson’s offenses are atrocious and that he has exhibited little, if any,, regard for the value of human life or the consequences of his criminal conduct. However, my review of all capital murder cases involving 16-year-old offenders in Virginia leads me to the conclusion that the sentence of death imposed upon Jackson is excessive and disproportionate to penalties imposed in similar cases.
*653 For example, in Novak v. Commonwealth, 20 Va. App. 373, 382, 457 S.E.2d 402, 406 (1995), a Virginia Beach jury refused to impose the penalty of death upon a 16-year-old defendant, Shawn Paul Novak, even though the jury convicted him of capital murder. The facts in Novak are more egregious than the facts in the present case. Novak killed two young boys, age 7 and age 9. The seven-year-old victim died from “three stab wounds which would have been a quick three thrusts resulting in incapacitation and . . . repeated cutting and slashing of the neck until it was almost decapitated . . . .” The nine-year-old victim “had been killed by a ‘blunt force injury’ and ‘multiple slashes’ on his neck.” Id. at 379-80, 457 S.E.2d at 405.
In Owens v. Commonwealth, No. 2259-95-1 (Va. Ct. App. Nov. 19, 1996), the defendant, Marvin T. Owens, was convicted of capital murder. Owens killed four persons, including a 14-year-old boy, by using a pistol to shoot each victim in the head. Just as Jackson, Owens had an extensive juvenile criminal history, including commitments to the Department of Youth and Family Services for the following criminal offenses: conspiracy to distribute cocaine, possession of cocaine with the intent to distribute, and possession of cocaine. The jury fixed Owens’ punishment at life imprisonment.
The case of Reid v. Commonwealth, No. 1175-95-1 (Va. Ct. App. July 2, 1996), is very similar factually to the present case. There, the defendant, Dwayne M. Reid, then 16 years old, approached two males who were traveling in a truck in Suffolk. The men in the truck, Joseph Mehalko and Tommy Runyon, asked several young male pedestrians, including Reid, whether any of the pedestrians had “a twenty rock [of crack cocaine].” One of the pedestrians threw an item, about the size of a pebble, through a window into the truck, and Mehalko and Runyon, thinking the item was a rock of crack cocaine, began to search for it. As Runyon retrieved some money from his wallet, Mehalko noticed “a gun come through the passenger side window.” A struggle ensued, and Reid shot Runyon in the head. Runyon subsequently died as a result of the gunshot wound.
Reid had a prior criminal record, and he had been convicted of the following crimes: two counts of armed robbery and two different offenses of use of a firearm during the commission of robbery. At a bench trial, Reid was convicted of capital murder and sentenced to life imprisonment.
In Rea v. Commonwealth, 14 Va. App. 940, 941, 421 S.E.2d 464, 465 (1992), the defendant, Stephen Rea, was convicted, at a jury trial, of three separate counts of capital murder. Rea killed three persons, including a 17-year-old boy, by shooting them with a firearm. *654 Rea had an extensive juvenile criminal history. He was arrested for petit larceny which was taken under advisement for six months. He was arrested and charged for disorderly conduct, vandalism, and “being a runaway,” and he was convicted and placed on supervised probation. He was arrested for trespass, which was resolved at the juvenile intake. He was arrested for violation of his probation. He was subsequently arrested for breaking and entering, petit larceny, and grand larceny, and placed on house arrest and ordered to pay restitution. He was also arrested for eluding police, reckless driving, and driving without a Virginia operator’s license. The jury fixed Rea’s punishment at life imprisonment for each of the capital murder convictions. See also Faulk v. Commonwealth, CR 95J2 and CR95J4 (Southhampton County Cir. Ct. Sept. 17, 1996) (Defendant, 16 years of age at the time of the offenses, pled guilty to capital murder in the commission of robbery, capital murder in the commission of abduction, and robbery with a weapon, and sentenced to life imprisonment.); Prostell v. Commonwealth, No. J-1179 (Virginia Beach Cir. Ct. June 18, 1987) (The 16-year-old defendant, whose criminal history included one previous felony conviction as a juvenile, pled guilty to capital murder and received life imprisonment. The defendant killed the victim after being advised by a co-defendant that the defendant would receive $300 for the murder of the victim. At the time of the murder, the defendant was on probation after having been found guilty of robbery.); Campbell v. Commonwealth, No. 5559 (Amherst County Cir. Ct. June 4, 1987) (The defendant was found guilty at a bench trial of capital murder and certain other related crimes. The defendant, 16 years old at the date of this offense, entered a pizza restaurant wearing a ski mask and armed with a loaded 12-gauge shotgun, ordered the employees to the floor, and shot a restaurant employee in the head, killing him. The defendant was sentenced to life imprisonment.); Stewart v. Commonwealth, No. 2928-97-1 (Va. Ct. App. July 7, 1997) (This 16-year-old defendant pled guilty in the Norfolk Circuit Com! to capital murder and certain other related offenses and was sentenced to life without parole plus 18 years. The defendant killed the victim with a pistol during an attempted robbery.). Tross v. Commonwealth, 21 Va. App. 362, 464 S.E.2d 523 (1995) (This 16-year-old defendant was convicted of capital murder, robbery, and using a firearm to commit murder and was sentenced to life imprisonment for the capital murder, 20 years’ imprisonment for the robbery, and two years’ imprisonment for the firearm charge. His prior record included convictions for petit larceny and possession of a beeper/pager on school grounds. He had *655 been arrested and charged on two separate occasions for assault and battery, but those charges were nolle prossed.).
Shawn Novak, age 16, killed two young boys, but he was not sentenced to death. Stephen Rea, age 16, killed three people, including a teenager, but he was not sentenced to death. Marvin Owens, age 16, killed four persons, but he was not sentenced to death. Dwayne Reid, who committed crimes substantially similar to Jackson’s crimes, was not sentenced to death. Upon comparison of Jackson’s sentence of death, along with his criminal history and facts surrounding his case, to the facts and criminal histories of the other defendants who committed capital offenses at age 16,1 can only conclude that Jackson’s sentence of death is both excessive and disproportionate in violation of Code § 17-110.1(C)(2).
I would reduce Jackson’s sentence of death to life imprisonment. In view of Jackson’s sentences for his other convictions, he would remain incarcerated for the remainder of his natural life.